FILED

2009 DEC 21  PM 1: 37

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

Scott Murphy
8820 Patterson
St John, IN 46373

And

Patricia Murphy
8820 Patterson
St John, IN 46373

    Plaintiffs,

v.

Global Credit & Collection Corporation
300 International Drive, Suite 100
Williamsville, NY 14221

    Defendant.

Case No.:

Judge:

**2 09 CV 425**

**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**

**JURY DEMAND ENDORSED HEREIN**

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiffs are "consumers" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff Scott Murphy ("Scott") incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. Plaintiff Patricia Murphy ("Patricia") is Scott's lawful spouse.

5. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

6. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

1

7. Plaintiffs filed this claim within the timeframe permitted under the FDCPA.

8. On or around October 12, 2009, Defendant's employee ("Ryan") telephoned Patricia.

9. During this communication, Ryan spoke to Patricia in a harassing, oppressive, and abusive manner.

10. During this communication, Ryan falsely represented that Defendant intended to garnish Scott's wages and asked if Patricia knew Scott's "employee number" so that Defendant could begin the garnishment process.

11. During this communication, Ryan threatened to contact Plaintiffs' mortgage company without Plaintiffs' consent and inform them that Plaintiffs were neglecting Plaintiffs' financial obligations.

12. During this communication, Ryan threatened to contact Plaintiffs' neighbors without Plaintiffs' consent and inform them that Plaintiffs were neglecting Plaintiffs' financial obligations.

13. On or around October 14, 2009, Ryan telephoned Scott.

14. During this communication, Ryan spoke to Scott in a harassing, oppressive, and abusive manner.

15. During this communication, Ryan claimed that Plaintiffs had no rights regarding the collection of the debt.

16. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

17. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

18. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

19. Defendant violated 15 U.S.C. §1692d in that Defendant used obscene and/or abusive language during its communications in connection with the collection of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. Defendant violated 15 U.S.C. §1692e in that it falsely represented the character, amount, and/or legal status of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. Defendant violated 15 U.S.C. §1692e in that it threatened action that could not legally be taken and/or that was not intended to be taken.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiff.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## JURY DEMAND

28. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

29. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By:_____
Timothy J. Sostrin
233 S. Wacker
Sears Tower, Suite 5150
Chicago, IL 60606
Telephone: 866-339-1156
Email: tjs@legalhelpers.com
Attorneys for Plaintiff